**Marcell SHEPPARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–98–00238–CR.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 19, 1999.

Decided Oct. 20, 1999.

James R. Hagan, Longview, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

**OPINION**

Opinion by Chief Justice CORNELIUS.

Marcell Sheppard appeals from his conviction for assault, family violence.[1] Sheppard pleaded guilty, without a plea bargain, and the trial court set his punishment at one year's imprisonment in a state jail facility.

On appeal, Sheppard contends that he was assessed a punishment not provided by statute. He contends that the applicable statute required the court to place him on community supervision, and that the court erred by sentencing him to jail.

Sheppard pleaded guilty to causing bodily injury to Joyce Thompson by hitting her with his fist. He also admitted that he had twice previously been convicted of an offense against a family member. At the sentencing hearing, Sheppard's counsel objected when the trial court stated that the statute gave the court the discretion either

---

1. TEX. PEN.CODE ANN. § 25.07(g) (Vernon Supp.1999).

to place Sheppard on community supervision or to confine him in a state jail facility. Counsel pointed out that Sheppard's two prior convictions occurred before a change in the statute, and correctly stated that under the terms of the statute before it was amended, it was mandatory, with certain exceptions, to place the defendant on community supervision. The trial court disagreed with this reading of the statute and sentenced Sheppard to imprisonment in a state jail facility.

Sheppard contends that the trial court erred by sentencing him to jail, because the applicable statute requires that if any element of the offense occurred before the date that the amendments to the statute went into effect, the earlier version of the statute controlled. The current version of the statute reads as follows:

> On conviction of a state jail felony punished under Section 12.35(a), Penal Code, the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed. The judge may suspend in whole or in part the imposition of any fine imposed on conviction.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15(a) (Vernon Supp.1999). The prior version of the statute, which was effective until September 1, 1997, read as follows:

> On conviction of a state jail felony punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision, unless the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed. The judge may suspend in whole or in part the imposition of any fine imposed on conviction.

Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2754.

The offense for which Sheppard was convicted here occurred after the effective date of the amended statute, but the prior convictions occurred before the statute was amended. Sheppard contends that the two prior offenses, which were required to be proven in order to raise this offense to a state jail felony, are elements of this offense. Because they occurred before the effective date of the amendment, Sheppard concludes that the prior statute should control the disposition of this case.

The enacting legislation reads as follows: SECTION 6. (a) The changes in law made by this Act to Subsections (a),(e), (f)(2), and (h)(1), Section 15, Article 42.12, Code of Criminal Procedure, apply only to a defendant convicted of an offense committed on or after the effective date of this Act. .... For purposes of this section, *an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.*

(b) For purposes of Subsections (a), (e), (f)(2), and (h)(1), Article 42.12, Code of Criminal Procedure, as amended by this Act, a defendant convicted of an offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

SECTION 7. This Act takes effect September 1, 1997.

Act of May 17, 1997, 75th Leg., R.S., ch. 488, §§ 6, 7, 1997 Tex. Gen. Laws 1813 (emphasis added).

Sheppard was convicted under the following statute:

> An offense [of assault] under Subsection (a)(1) is a Class A misdemeanor, except that the offense is:
>
> . . .
>
> (2) a state jail felony if it is shown on the trial of the offense that the offense was committed against a family member *and that the defendant has been previ-*

*ously convicted of an offense against a family member under this section two or more times.*

TEX. PEN.CODE ANN. § 22.01(b)(2) (Vernon Supp.1999) (emphasis added).

Sheppard contends that the two prior offenses are elements of this offense, and that the dates of his convictions for those offenses govern whether the prior or the amended statute applies. He reasons that, because the two prior convictions predated the effective date of the amendment to the sentencing statute, he should have been sentenced in this case under the earlier version of that statute.

Sheppard bases his contention in large part on language found in *Gant v. State*, 606 S.W.2d 867 (Tex.Crim.App. [Panel Op.] 1980). In that case, the court was considering whether the State was required to prove prior misdemeanor thefts in order to elevate the offense to felony status. The court held that the prior theft offenses were jurisdictional elements of the offense charged, and that they must be submitted to the jury for decision before the jury could make a general finding of guilt for the charged offense.

In similar situations involving D.W.I. prosecutions, which can also be raised from misdemeanors to felonies on proof of prior convictions, we have held that similar provisions are enhancement provisions in the broad sense because they elevate the offense from a misdemeanor to a felony, but that they define the offense and are properly a part of the proof at the guilt/innocence stage of the trial. *Addington v. State*, 730 S.W.2d 788, 790 (Tex.App.-Texarkana 1987, pet. ref'd).

The Texas Court of Criminal Appeals has clearly held that the facts of the prior convictions are elements of the crime. The remaining question, however, is whether the *dates* of those convictions are elements of the offense.

In *State v. Mason*, 980 S.W.2d 635 (Tex. Crim.App.1998), the Court of Criminal Appeals reviewed a case involving the posses-sion of a firearm by a felon. Based on prior case law, the lower courts had held that the defendant's status as a convicted felon and the date on which he was convicted were both elements of the offense.

After analysis, the Court of Criminal Appeals concluded that in spite of the language of the statute, the Legislature did not intend for the *date* of the prior conviction, but only the fact of the conviction, to be an element of the offense. The court stated that the concept of the elements of an offense does not include every issue on which the State has the burden of proof. *State v. Mason*, 980 S.W.2d at 641. Therefore, the court concluded that the date of the underlying offense is not an element of the offense for the purposes of the statute on punishment.

The Penal Code defines elements of the offense as (a) the forbidden conduct, (b) the required culpability, (c) any required result, and (d) the negation of any exception to the offense. TEX. PEN CODE ANN. § 1.07(a)(22) (Vernon 1994).

For the reasons stated in *Mason*, we conclude that, although the fact of the prior offenses is an element of the offense, the dates of the convictions for the prior offenses are not elements of the offense for which Sheppard is being prosecuted. The court therefore had the discretion to confine Sheppard to jail.

The judgment is affirmed.