Affirmed and Opinion filed June 22, 2006









Affirmed and Opinion filed June 22, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00538-CR

____________

 

TOBY EUGENE ROGERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause No. 14,149

 



 

O P I N I O N

Appellant, Toby Eugene Rogers, appeals
from his conviction for assault on a family memberCenhanced.  A jury found him guilty and assessed
punishment at ten years= imprisonment.  In two issues, appellant contends that (1)
the evidence is legally insufficient to support the conviction, and (2) the
trial court erred by not granting a mistrial when extraneous offenses were
raised during trial in violation of the motion in limine.  We affirm.

Background

After a violent encounter at the apartment
of Kendra Koehne (the complainant and 
mother of appellant=s child),
appellant was charged with assault on a family memberCenhanced and
burglary of a habitation.  The jury
ultimately found appellant guilty on the assault count but not guilty on the
burglary count.

The indictment alleged that the assault
charge was enhanced because appellant had previously been convicted in November
2002 in cause number 02542 of AAssault causes
bodily injury: family member.@  The jury charge tracked this language.  At trial, as proof of appellant=s prior
conviction, the State offered a deferred adjudication judgment.  This judgment is dated November 6, 2002, and
establishes that in ACause No. 02-524@ appellant pleaded
no contest to and was placed on deferred adjudication for AAssaultCFamily Violence.@  The judgment makes no mention of bodily
injury.[1]  Also, at trial, the prosecutor asked both
appellant and complainant whether appellant had previously received deferred
adjudication for Aassault, family violence@; both
acknowledged that he had.  However, the
prosecutor did not ask the witnesses about the specific conduct made the basis
of this prior charge and judgment.  Thus,
there is no evidence in the record that appellant=s prior conviction
involved bodily injury.








Before trial, the court granted appellant=s motion in limine
and ordered that the State=s attorney and
witnesses Ashall not mention, allude to or refer to,
in any manner, any extraneous offenses committed by the Defendant . . . in the
presence of the jury.@ 
During trial, the prosecutor asked Deputy Sheriff Eddie Ocanas A[w]hat type of
criteria or what are you looking for when you determine how you=re going to fill
out this part of your report, where [it] says offender used, and you have a
choice of alcohol, computer equipment or drugs?@  Defense counsel objected, and after an offBtheBrecord discussion
at the bench, the trial court overruled the objection.  The prosecutor repeated the question, and
Ocanas answered: ABased on what I was told, since there was
no second party to verify it, I just checked what I was told.@  The prosecutor then asked A[s]o, during the
course of your investigation . . . you were told information that the offender
may have been on drugs at that particular time?@  Ocanas answered A[m]ay have
possibly.@ 
Defense counsel then objected that this testimony violated the motion in
limine, and the trial judge ordered that the jury be taken out of the
courtroom.  Outside the presence of the
jury, the judge sustained a hearsay objection to the last question.  When the jury returned, the trial court instructed
them to disregard the last objection and the last response by Ocanas.  Defense counsel requested a mistrial, which
the trial court denied.

The prosecutor then asked Ocanas what
charges he filed, and Ocanas replied A[b]urglary of a
habitation, intent to commit assault, and violence [sic] of a protective order,
assault with family violence.@  The State then passed the witness.  Outside the hearing of the jury, defense
counsel objected that the State was violating the order on the motion in limine
by revealing extraneous offenses without first approaching the bench.  The trial court then instructed the jury to
disregard any information regarding a protective order.  Defense counsel again moved for a mistrial,
and the trial court again denied the motion.

During deliberations, the jury sent out a
note asking (1) A[b]ased on the fact that there was a
restraining order on Toby Rogers, should this charge be separated from the
charge of burglary,@ and (2) A[d]id he have any
right to be on the premises?@  The court responded that the jury should
consider only the evidence and the law before them and that they should reread
the charge.  Defense counsel made no
objection to the court=s answer.

Legal Sufficiency

In his first issue, appellant contends
that the evidence was legally insufficient to sustain the conviction because
the State failed to offer any evidence to prove the enhancement element of the
offense as charged in the indictment. 
Specifically, appellant argues that while the indictment alleged he had
a prior conviction for assault against a family member that resulted in bodily
injury, there was no evidence at trial that the prior assault actually resulted
in bodily injury.  Thus, while appellant
argues only legal sufficiency of the evidence, he in fact raises a variance
between the allegations in the indictment and the proof at trial.  See Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001).[2]

The Court of Criminal Appeals has decreed
that a materiality inquiry must be made in all cases involving a sufficiency of
the evidence claim based on a variance between the indictment and the evidence.  Fuller v. State, 73 S.W.3d 250, 253
(Tex. Crim. App. 2002) (citing Gollihar, 46 S.W.3d at 257).  Such a variance will be considered Afatal,@ and thus render
the evidence insufficient, only when it is Amaterial.@  Id.; Gollihar, 46 S.W.3d at
257.  A variance is material if it (1)
deprived the defendant of sufficient notice of the charges against him such that
he could not prepare an adequate defense, or (2) would subject him to the risk
of being prosecuted twice for the same offense. 
Fuller, 73 S.W.3d at 253; Gollihar, 46 S.W.3d at 257.[3]








The burden of demonstrating materiality in
the variance context rests with the defendant. 
See Santana v. State, 59 S.W.3d 187, 194-95 (Tex. Crim. App.
2001).  Although appellant here generally
attacks the sufficiency of the evidence to show bodily injury in the prior
assault, he does not allege that the allegations in the indictment provided him
with insufficient notice of the charges against him or subjected him to the
risk of being prosecuted twice for the same offense.  Indeed, although the indictment unnecessarily
added the Abodily injury@ language to the
allegations, it also contained the month and cause number of the prior judgment
being used for enhancement purposes. 
Consequently, it is extremely unlikely that appellant did not realize
which prior conviction was being used for enhancement purposes.[4]  See Fuller, 73 S.W.3d at 254 (holding
variance was immaterial in part because there was no indication in the record
that appellant did not know the person he was accused of injuring or that he
was surprised by the proof at trial). 
Furthermore, the indictment does not subject appellant to the risk of
being prosecuted twice for the same offense because the current alleged crime
could be enhanced only once.  Even if the
indictment was confusing regarding which prior conviction was being used for
enhancement purposes, absent extraordinary circumstances not applicable here,
appellant could not be tried again for the current alleged offense (regardless
of whether it was enhanced with the conviction in cause number 02542).  Accordingly, the variance between the
indictment and the proof at trial is immaterial.








Appellant=s insufficiency
argument is based solely on the variance. 
Having found that the variance is immaterial and must be disregarded in
a sufficiency review, we overrule this first issue.  See Gollihar, 46 S.W.3d at 258
(concluding sufficiency analysis upon holding that variance was immaterial).

Motion for Mistrial

In his second issue, appellant contends
that the trial court erred in denying his motion for a mistrial when extraneous
offenses were raised in violation of the motion in limine.  Specifically, appellant complains of
questions and answers during Deputy Ocanas=s testimony
suggesting that appellant had used illicit drugs and violated a protective
order.  We review the denial of a motion
for a mistrial under an abuse of discretion standard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).  The grant of a
mistrial is proper Awhen error is so prejudicial that
expenditure of further time and expense would be wasteful and futile.@  Id. 
We generally presume that a jury will follow a trial court=s instruction to
disregard objectionable testimony.  Id.  An instruction to disregard testimony
referring to extraneous offenses will render the testimony harmless Aunless it appears
the evidence was so clearly calculated to inflame the minds of the jury or is
of such damning character as to suggest it would be impossible to remove the
harmful impression from the jury=s mind.@  Kemp v. State, 846 S.W.2d 289, 308
(Tex. Crim. App. 1992); see also Drake v. State, 123 S.W.3d 596, 604
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).








During Ocanas=s testimony, the
prosecutor asked him whether he had been told that appellant may have been
using drugs at the time of the offense, and Ocanas answered A[m]ay have
possibly.@ 
The trial court removed the jury from the courtroom and sustained a
hearsay objection to the testimony.  When
the jury returned, the court instructed them to disregard the last
question.  This brief and equivocal
mention of drug use was not so emotionally inflammatory that the trial court=s prompt
instruction failed to prevent appellant from being unfairly prejudiced.  See Bauder v. State, 921 S.W.2d 696,
698 (Tex. Crim. App. 1996); Ho v. State, 171 S.W.3d 295, 306 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).[5]








When the prosecutor subsequently asked
Ocanas what charges he filed against appellant, Ocanas replied A[b]urglary of a
habitation, intent to commit assault, and violence [sic] of a protective order,
assault with family violence.@  Outside the hearing of the jury, defense
counsel again objected that the State was violating the order on the motion in
limine.  The trial court then instructed
the jury to disregard any information regarding a protective order.  Ocanas=s brief
unembellished reference to a violation of a protective order was not so
emotionally inflammatory that the trial court=s prompt
instruction failed to prevent appellant from being unfairly prejudiced.  See Bauder, 921 S.W.2d at 698; Ho,
171 S.W.3d at 306.  Furthermore, even
assuming that the trial court erred in refusing the mistrial, such error would
be harmless because other evidence that appellant violated a protective order
was admitted without objection.  See
Harris v. State, 164 S.W.3d 775, 783 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d). 
Koehne testified on direct examination that she called 9-1-1 and
reported that there was a protective order against appellant and that he was at
the house.  Then, during
cross-examination, when defense counsel asked Koehne if she remembered telling
the 9-1-1 operator that appellant was at her house in violation of a protective
order, Koehne answered affirmatively. 
Defense counsel also asked her whether appellant was violating the order
when he came to her door, and she again answered affirmatively.  Thus, any error in refusing to declare a
mistrial would have been harmless.[6]  Appellant=s second issue is
overruled.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed June 22, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Publish C Tex. R. App. P. 47.2(b).











[1]  The finding of
Afamily violence@ in the
judgment was made expressly pursuant to article 42.013 of the Texas Code of
Criminal Procedure.  Tex. Code Crim. Proc. Ann. art.
42.013.  Article 42.013 requires that if
in the trial of an offense under Title 5 of the Penal Code (which includes the
assault section under which appellant was convicted) the court determines that
the offense involved Afamily violence,@ as
described in section 71.004 of the Texas Family Code, the court must enter an
affirmative finding in that regard in the judgment.  Id.; Tex.
Fam. Code Ann. ' 71.004. 
Section 71.004 defines Afamily violence@ as
including actions that intend to cause bodily injury to a family member and
actions that place a family member in fear of imminent bodily injury, among
other things.  Tex. Fam. Code Ann. '
71.004.  Thus, a family violence finding
is not tantamount to a finding that bodily injury occurred.





[2]  The fact that
the jury charge tracked the Abodily injury@
language is irrelevant for legal sufficiency review because legal sufficiency
is judged against a hypothetically correct jury charge not against the charge
actually given.  See Malik v. State,
953 S.W.2d 234 (Tex. Crim. App. 1997); see also Gollihar, 46 S.W.3d at
255-56 (applying Malik in variance context).





[3]  We note that in order to enhance
the level of the offense, the penal statute under which appellant was
prosecuted, former section 22.01(b) of the Texas Penal Code, did not require
proof that the prior conviction involved bodily injury.  Act of June 14, 1973, 63rd Leg., R.S., ch.
399, ' 1, 1973 Tex. Gen. Laws 883, 919
(last amended in 2005) (current version at Tex.
Pen. Code Ann ' 22.01(b)); see also Gollihar,
46 S.W.3d at 258 (emphasizing that State was not required to prove element on
which indictment and proof varied). The
penal statute in question generally categorized an assault causing bodily
injury (the offense in the current prosecution) as a class A
misdemeanor; however, under certain circumstances the offense could be enhanced
to a third degree felony.  Act of June
14, 1973, 63rd Leg., R.S., ch. 399, ' 1, 1973
Tex. Gen. Laws 883, 919.  At the time of
the offense, one of the enhancing circumstances occurred when the offense was
committed against a family member (defined to include individuals who are
parents of the same child), and the defendant had been previously convicted of
an offense against a family member under section 22.01.  Act of June 14, 1973, 63rd Leg., R.S., ch.
399, ' 1, 1973 Tex. Gen. Laws 883, 919 (referencing the
definition of Afamily@ in Tex. Fam. Code Ann. ' 71.003)
(current version at Tex. Pen. Code Ann '
22.01(b)(2)).  Thus, enhancement under
this subsection required proof only of a prior conviction for assault against a
family member; it did not require proof that bodily injury resulted from the
prior assault.  Appellant does not
dispute that his prior conviction was for assault against a family member; he
argues only that the State failed to prove bodily injury as alleged in the
indictment.

We further note that when a prior
conviction is used to enhance the level of offense under both the current and
former versions of section 22.01, the State must prove the existence of the
prior conviction as an element of the offense in the guilt/innocense phase of
trial.  See, e.g., Manning v. State,
112 S.W.3d 740, 743-44 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d); Sheppard v. State, 5 S.W.3d 338, 340 (Tex.
App.CTexarkana 1999, no pet.).  A prior Aconviction@ for enhancement purposes can be shown, as it was
here, by proof that the defendant previously pleaded no contest and received
deferred adjudication.  Tex. Pen. Code Ann. 22.01(f)(1).





[4]  There is also
no evidence that he had any other convictions that might have caused confusion
regarding which one was being used for enhancement purposes.





[5]  In his brief,
appellant asserts that the court=s
instruction to disregard was not sufficiently prompt.  The court=s
instruction came after a discussion with counsel outside the presence of the
jury but came before any further testimony or discussion was had in the jury=s presence.  The
instruction was sufficiently prompt to be effective.





[6]  Appellant
argues that the fact the jury sent out a note asking about how the protective
order related to the jury charge demonstrates harm and the necessity of a
mistrial.  However, the jury=s note more likely resulted from Koehne=s testimony than that of Ocanas.  We presume the jury followed the trial court=s instruction to disregard Ocanas=s testimony.  Ladd,
3 S.W.3d at 567.  We further note that
defense counsel made no objection to the trial court=s response, which admonished the jury to consider only
the evidence and the law before them and to reread the charge.  Defense counsel also did not renew his
request for a mistrial after the jury sent the note.