TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00051-CR






Andres Ramirez Zavala, Appellant



v.



The State of Texas, Appellee






FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY


NO. 9044150, HONORABLE MIKE DENTON, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 After a jury trial, Andres Ramirez Zavala was convicted for assault-family violence. 
See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2006). (1) Punishment was assessed by
the jury at six years' confinement (probated) with a $2,000 fine (not probated). In two issues on
appeal, Zavala contends that the court erred in (1) permitting the State to present evidence of
appellant's prior conviction for assault-family violence as alleged in the indictment and in
(2) entering a judgment of guilt for the offense as a third-degree felony because the jury verdict
rejected the State's assertion that the instant offense involved family violence. We affirm the trial
court's judgment.

 This appeal arises out of a 911 call from Suyapa Pelletier asking for help because
appellant was assaulting her. She and her three children were living together. Appellant did not
reside with them at that time, but Pelletier testified that she and appellant had lived together in the
past and he was her youngest child's father. There are no legal or factual sufficiency issues. 
Accordingly, we will discuss the necessary facts under each issue.


Indictment


 In his first point of error, Zavala complains that the trial court improperly allowed
the State to read from the indictment an enhancement paragraph alleging a prior conviction for
assault-family violence. He also complains that the State introduced evidence in support of that
allegation. Appellant argues that, if the defense stipulates to the allegation, the State in its case in
chief may read to the jury only jurisdictionally necessary enhancement allegations from an
indictment and may not present any further evidence regarding the prior convictions. See Tamez v.
State, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). The State responds that Zavala cannot rely on
Tamez because he did not offer to stipulate to the prior conviction.

 In Tamez, the defendant was charged with felony DWI. Id. at 199. The State refused
the defendant's offer to stipulate to two prior DWI convictions. Instead, it offered proof of six prior
DWI convictions. Id. The court of criminal appeals held:


 A balance must be struck between Article 36.01(a)(1), which
authorizes the reading of the full indictment (and by this action
implicitly authorizes the proof of the previous convictions in the
State's case-in-chief), and Rule 403, which proscribes this evidence
if there is a strong likelihood that the jury may improperly use it in
reaching its verdict. In cases where the defendant agrees to stipulate
to the two previous DWI convictions, we find that the proper balance
is struck when the State reads the indictment at the beginning of trial,
mentioning only the two jurisdictional prior convictions, but is
foreclosed from presenting evidence of the convictions during its
case-in-chief.



Id. at 202.

 Appellant contends that, although he did not make a formal stipulation, "a fair reading
of the discussions between all counsel and the trial court . . . clearly indicates the defense counsel
was making a Tamez objection." However, the record shows that defense counsel simply asked the
court to include the prior conviction only in the enhancement paragraph at the punishment phase of
the trial. (2) Tamez requires that the defendant stipulate to the relevant prior convictions. The
stipulation carries the same evidentiary value as proof of previous convictions but substantially
lessens the prejudice from that proof. Id. Under these circumstances, a stipulation is in the nature
of a judicial admission. Bryant v. State, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). Such an
admission is a formal concession that has the effect of withdrawing a fact from issue and dispensing
wholly with the need for proof of the fact. Id. (citing 2 John W. Strong et al., McCormick on
Evidence § 255 (5th ed. 1999)). In the absence of a stipulation, judgments from prior convictions
are relevant to show the existence of those prior convictions. Robles v. State, 85 S.W.3d 211, 212
(Tex. Crim. App. 2002).

 Tamez requires the defendant to stipulate to prior convictions. Appellant admits he
did not enter into a stipulation. Accordingly, Tamez did not prohibit the State from reading from the
indictment and proving the prior conviction. We overrule appellant's first point of error.


Family Violence Finding


 In his second point of error, appellant asserts that the trial court erred by entering a
judgment of guilt for the enhanced offense of assault-family violence (felony) because the jury failed
to answer a special issue concerning family violence. (3) To fully discuss appellant's arguments under
this point, we begin with an analysis of the offense, the indictment, and the charge.

 Appellant was charged with felony assault:



 (a) A person commits an offense if the person:

 

 (1) intentionally, knowingly, or recklessly causes
bodily injury to another, including the person's
spouse;


 ***


 (b) An offense under Subsection (a)(1) is a Class
A misdemeanor, except that the offense is a felony
of the third degree if the offense is committed
against:


 ***


 (2) a person whose relationship to or association
with the defendant is described by Section
71.0021(b) [dating], 71.003 [family], or 71.005
[household], Family Code, if it is shown on the
trial of the offense that the defendant has been
previously convicted of an offense under this
chapter, Chapter 19, or Section 20.03, 20.04 or
21.11 against a person whose relationship to or
association with the defendant is described by
Section 71.0021(b), 71.003, or 71.005, Family
Code; . . .



Tex. Penal Code Ann. § 22.01 (West Supp. 2006). (4) An affirmative finding of family violence should
be entered in certain circumstances:


 In the trial of an offense under Title 5, Penal Code, if the court
determines that the offense involved family violence, as defined by
Section 71.004, Family Code, the court shall make an affirmative
finding of that fact and enter that fact in the judgment of the case. 


Tex. Code Crim. Proc. Ann. art. 42.013 (West Supp. 2006). Family violence is defined as


 an act by a member of a family or household against another member
of the family or household that is intended to result in physical harm,
bodily injury, assault, or sexual assault . . . .


Tex. Fam. Code Ann. § 71.004 (West 2002).


 Appellant was indicted for assault-family violence (felony). The indictment alleged
that he intentionally, knowingly, and recklessly caused bodily injury to a family member and had
previously been convicted of assault against a family member. The indictment alleged he committed
assault by striking Suyapa Pelletier with his hand, kicking her, and pulling her hair. At trial, the
State introduced the 2002 conviction, matched appellant's fingerprints to that judgment, and showed
Suyapa was married to appellant at the relevant time. (5) The judgment from the previous conviction
also contained a finding that Suyapa Pelletier was a family member and the offense involved
violence. The jury was charged as follows:

 

 [I]f you believe from the evidence that the defendant, Andres Zavala,
on or about the 21st of June, A.D. 2004, in the County of Travis and
State of Texas, as alleged in the indictment, did then and there
intentionally, knowingly, or recklessly cause bodily injury to Suyapa
Pelletier, a member of the said Andres Zavala's family or household
by striking Suyapa Pelletier with his hand, or by kicking the said
Suyapa Pelletier with his foot, or pulling the said Suyapa Pelletier
with his hand, or by seizing the said Suyapa Pelletier on and about the
neck with his hands and previously Andres Zavala had been convicted
of an offense against a member of the said Andres Zavala's family or
household: to wit: Assault, on August 21, 2002, in Cause No. 600773
in the County Criminal Court at Law No. 4 of Travis County, Texas,
you will find the defendant guilty of Assault Family
Violence/Enhanced and so say by your verdict; . . . . 



At trial, appellant admitted that he had assaulted Suyapa, who was his wife, in 2002. Appellant's
defensive theory in this case was that, during his counseling while on probation for the earlier
offense, he had learned that walking away was the best technique to defuse an argument when it
started escalating. He asserts that on the night in question all he was trying to do was walk away. 
Suyapa blocked him from leaving and started hitting him; any force he used was in self defense.

 Appellant observes that the assault charge submitted to the jury allowed him to be
convicted of assault if the jury found he intentionally, knowingly, or recklessly caused bodily injury
to another, including his spouse. See Tex. Penal Code Ann. § 22.01. He then argues that a higher
culpable mental state is required to make a family violence finding because the family code language
says that family violence is an act that is intended to result in certain types of harm, but the jury
charge allowed him to be convicted based on lesser mental states. See Tex. Fam. Code Ann.
§ 71.004. Although appellant offers an interesting argument, it is not one that we can address in this
case because we have no family violence finding.

 A review of the judgment (6) in this case shows it contains no family violence finding. 
The jury returned its guilty verdict (7) but did not answer the special issue concerning family violence. 
Appellant moved for a mistrial. The prosecution responded that "the State's position is that the
Court can receive the verdict on guilt innocence and the jury can hang on the special issue and
therefore no finding would be entered based on the special issue." When the court orally pronounced
sentence, it made no reference to a separate family violence finding. The family violence finding
called for by the Code of Criminal Procedure is only one method of showing the necessary prior
conviction for family violence to make an assault offense a felony. See Mitchell v. State, 102 S.W.3d
772, 775 (Tex. App.--Austin 2003, pet. ref'd) (citing State v. Eakins, 71 S.W.3d 443, 445
(Tex. App.--Austin 2002, no pet.)). Article 42.013 of the code of criminal procedure was intended
to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate
the details of the previous assault. Eakins, 71 S.W.3d at 444. However, the State may prove the
nature of the previous assault in other ways. Id.

 In this case, appellant appears to be saying the absence of a family violence finding
in this judgment means he could not be convicted of a felony. As discussed above, the enhancement
from misdemeanor assault to felony assault is based on a previous conviction for assault, which was
proved to the jury.

 Finally, both the State and appellant cite cases discussing the Apprendi issue
concerning whether the court can properly make certain findings or whether the jury must
make certain findings. (8) See Butler v. State, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006)
(citing Apprendi v. New Jersey, 530 U.S. 466, 491 (2000)). As we have discussed, the State did not
rely on a judge-made finding as discussed in Apprendi. It proved all of the elements of the
offense and the previous conviction to the jury. Appellant was convicted by a jury of the felony
offense of assault-family violence. Accordingly, we do not have an Apprendi issue in this case as
no judge-made finding was relied on. We overrule appellant's second point of error.

Conclusion



 We have overruled both of appellant's points of error. We reform the trial court's
judgment to reflect a trial by jury and, as reformed, affirm.




 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reformed and, as Reformed, Affirmed

Filed: January 22, 2007

Do Not Publish
1. The offense was committed June 21, 2004. The current version of the statute was effective
September 1, 2005. No substantive changes that affect this appeal were made between the time of
the offense and the effective date of the statute. The current version is cited for convenience.
2. The State argues that even if there had been a stipulation, it could have nevertheless proceeded
as it did because the allegation concerning the prior conviction was an element of the offense. See 
Sheppard v. State, 5 S.W.3d 338, 340 (Tex. App.--Texarkana 1999, no pet.). Because we hold no
stipulation was made, we need not resolve the conflict between Sheppard and State v. Cagle, holding
that the prior assault is a sentence enhancement rather than an element of the offense because the
operative statutory language is prefaced with the phrase "if it is shown on the trial of the offense." 
See 77 S.W.3d 344, 346 n.2 (Tex. App.--Houston [14th Dist.] 2002, pet. ref'd).
3. The special issue asked whether the jury found beyond a reasonable doubt that the defendant,
a member of a household, intentionally used physical force against the complainant, another member
of the household.
4. The version of (b)(2) effective at the time of the offense was narrower: "a member of the
defendant's family or household, if it is shown on the trial of the offense that the defendant has been
previously convicted of an offense against a member of the defendant's family or household under
this section." Act of May 28, 2003, 78th Leg., R.S., ch. 1019, § 1, 2003 Tex. Gen. Laws 2963.
5. Appellant and Suyapa refer to themselves as "married" although it appears there was never a
formal ceremony.
6. The judgment is dated February 17, 2005. Although not an issue raised by either party, we must 
reform the judgment. This judgment correctly reflects appellant's offense and sentence, but is
written as if appellant entered a guilty plea, rather than having been tried before a jury. Accordingly,
the judgment is reformed to show that appellant was tried before a jury and found guilty.
7. Of course, the jury found him guilty of the offense as charged in the indictment, which was the
offense of family violence.
8. Apprendi held that, other than the fact of a prior conviction, any fact that increased the penalty
for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond
a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 491 (2000).