ACCEPTED
03-14-00617-CR
8038070
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 3:37:07 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00617-CR

| | | |
|---|---|---|
| **NATHANIEL PAUL FOX** | § | **IN THE THIRD** |
| | § | |
| **V.** | § | **DISTRICT COURT OF** |
| | § | |
| **THE STATE OF TEXAS** | § | **APPEALS OF TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 3:37:07 PM
JEFFREY D. KYLE
Clerk

### <u>STATE'S LETTER OF ADDITIONAL AUTHORITIES</u>

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes the State of Texas, Appellee in the above-styled and -numbered cause, and files this its Letter of Additional Authorities. Some of the following cases were released after the State filed its original brief. The attorney for the State bookmarked them for later review, and upon further analysis beginning this Monday found that: 1) rehearing has since been denied, and that 2) they might be relevant to the Court's decision. The following are excerpts from potentially relevant cases:

**Extraneous offense evidence**:

> In an analogous situations involving extraneous offense evidence, virtually all courts have declined to make a finding of ineffective assistance of counsel on direct appeal based on a trial attorney's failure to request a limiting instruction even when an instruction would have been required if requested.
> ….
> Further, several courts have noted that a trial attorney may reasonably decide, as part of her trial strategy, not to request a limiting instruction because a limiting instruction may actually have the effect of bringing unwanted attention to the extraneous offense evidence, and thereby have a negative impact on the defendant's case.

1

*Villalva v. State*, 08-13-00219-CR, 2015 WL 4134531, at *5-6 (Tex. App.—El Paso July 8, 2015, no pet.) (mandate issued Sept. 29, 2015) (not designated for publication) (internal citations omitted).

**Double Jeopardy**:

> To prevail, the claimant must prove legal sameness and factual sameness.
>
> ….
>
> …there are two relevant inquiries in a double-jeopardy analysis. The legal-sameness inquiry depends on only the pleadings and statutory law—not the record—to ascertain whether two offenses are the same. The factual-sameness inquiry requires a reviewing court to examine the entire record to determine if the same offenses have been alleged.

*Ex Parte Castillo*, 469 S.W.3d 165, 169-72 (Tex. Crim. App. 2015), *reh'g denied* (Oct. 7, 2015).

> An element of the offense of aggravated assault domestic violence is that the victim of the offense be "a person whose relationship to or association with the defendant is described by § 71.0021(b), 71.003, or 71.005, of the Texas Family Code...."*See* Tex. Penal Code Ann. § 22.02(b)(1) (West 2011).

*Cobbs v. State*, 07-11-0201-CR, 2011 WL 6347518, at *1 (Tex. App.—Amarillo Dec. 19, 2011, no pet.) (per curiam order for rebriefing) (not designated for publication).

> The Penal Code defines elements of the offense as (a) the forbidden conduct, (b) the required culpability, (c) any required result, and (d) the negation of any exception to the offense. Tex. Pen Code Ann. § 1.07(a)(22) (Vernon 1994).

*Sheppard v. State*, 5 S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.).

if the two offenses have different elements under the *Blockburger* test, the judicial presumption is that the offenses are different for double-jeopardy purposes and that cumulative punishment may be imposed. This presumption can be rebutted by a showing, through various factors, that the legislature "clearly intended only one" punishment.

….

Even if an analysis of the *Ervin* factors were inconclusive, applicant's double-jeopardy claim would fail, because the presumption established by the offenses having different elements under the *Blockburger* analysis would remain unrebutted. When the *Blockburger* same-elements test indicates that the offenses are different, the evidence that the legislature intended only one punishment must be clear in order to rebut that presumption.

*Ex parte Benson*, 459 S.W.3d 67, 72, 89 (Tex. Crim. App. 2015), *reh'g denied* (May 20, 2015) (internal citations omitted).


Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley** SBN: 24088254
preslj@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

## CERTIFICATE OF SERVICE

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *State's Letter of Additional Authorities* has been delivered to Appellant NATHANIEL PAUL FOX's attorney in this matter:

Paul A. Finley
pfinley@reaganburrus.com
Reagan Burrus PLLC
401 Main Plaza, Suite 200
New Braunfels, TX  78130
*Counsel for Appellant on Appeal*

By electronically sending it to his above-listed email address through efile.txcourts.gov, this 1st day of December, 2015.

/s/ Joshua D. Presley
**Joshua D. Presley**

4