# NO. 12-17-00364-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HAROLD WAYNE HOLOMAN,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State filed a motion for rehearing of our August 8, 2018 opinion. We overrule the motion for rehearing, withdraw our opinion and judgment of August, 2018, and substitute the following opinion and corresponding judgment in their place.

Harold Wayne Holoman appeals his conviction for felony assault family violence. In two issues, he argues that the evidence is insufficient to support his conviction and his sentence is unlawful because it exceeds the maximum punishment authorized by statute. We sustain Appellant's second issue, reform the judgment, and remand for a new punishment hearing.

## BACKGROUND

Appellant was charged by indictment with assault family violence against Melissa Bostic, a member of Appellant's household. The indictment alleged that Appellant impeded Bostic's normal breathing or circulation of blood by applying pressure to her neck. Prior to trial, the State filed a written notice to seek a higher punishment range based upon prior felony convictions. The notice alleged that Appellant had prior convictions for felony drug possession and felony assault family violence. Subsequently, Appellant pleaded "not guilty" and the case proceeded to a jury trial.

The jury acquitted Appellant of the indicted offense, but returned a verdict of "guilty" on the lesser included offense of assault family violence. Appellant elected to have the trial court assess

his punishment. The trial court found the enhancement allegations "true" and sentenced him to twenty-five years of imprisonment. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In Appellant's first issue, he argues that the evidence is "insufficient to support a felony assault causing bodily injury/family violence with previous conviction."

**Discussion**

Appellant's specific complaint regarding the sufficiency of the evidence is that the State failed to prove that Appellant had a previous conviction for assault family violence. In Texas, it is generally a Class A misdemeanor when a person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01 (a)(1)(b) (West Supp. 2017). However, it is a felony of the third degree if a person commits the offense against a person whose relationship to or association with the defendant is described by Section 71.0021(b) (dating relationship), 71.003 (family member), or 71.005 (member of the same household), Family Code if:

> (A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; or
> (B) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck by blocking the person's nose or mouth.

*Id.* § 22.01(b)(2)(A), (B); *see also* TEX. FAMILY CODE ANN. §§ 71.0021(b) (West Supp. 2017); 71.003 (West 2014); 71.005 (West 2014).

Here, Appellant was charged with third degree felony assault family violence by impeding breath or blood, not by having a previous conviction for family violence. *Id.* § 22.01(b)(2(B). The trial court instructed the jury on the lesser included offense of assault family violence as follows:

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the felony offense of assault family violence by impeding the breath or blood, as alleged in the indictment, and you shall next consider the lesser-included offense of assault causing bodily injury family violence.
> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of October, 2013, in Anderson County, Texas, the defendant, Harold Wayne Holoman, did intentionally, knowingly, or recklessly cause bodily injury to Melinda Bostic, a member of the

2

defendant's family or member of the defendant's household or person with whom the defendant has or had had a dating relationship as described by Section 71.003 or 71.005 or 71.0021(b), Family Code, then you will find the defendant guilty of the lesser-included offense of assault causing bodily injury family violence.

The jury acquitted Appellant of assault family violence by impeding breathing, but found Appellant "guilty" of the lesser included charge of assault family violence. Thus, based on the language of the court's charge to the jury, it is clear that Appellant was convicted of misdemeanor assault family violence. *See Id*. § 22.01 (a)(1)(b). Because misdemeanor assault family violence does not require proof of a previous conviction. Appellant's contention that the evidence is insufficient to support felony assault causing bodily injury/family violence with previous conviction is without merit. We overrule Appellant's first issue.

### ILLEGAL SENTENCE

In Appellant's second issue, he argues that his sentence is illegal because his sentence exceeds the punishment allowed by statute for misdemeanor assault family violence. We agree.

### Discussion

In this case, Appellant was charged with assault family violence by impeding breath or blood, a third degree felony. *Id*. § 22.01(b)(2(B). However, the jury acquitted Appellant of the indicted offense, but found him "guilty" of "assault causing bodily injury family violence, a lesser-included charge of the indictment." As discussed earlier, the record demonstrates that the jury found Appellant "guilty" of *misdemeanor* assault family violence. Further, the State did not offer any evidence of Appellant's prior assault family violence convictions at the guilt/innocence stage of trial, nor did the jury make a finding that Appellant had a previous conviction for assault family violence. Thus, we conclude that Appellant was convicted of a Class A misdemeanor. *See id.* § 22.01(a)(1)(b). The punishment for a Class A misdemeanor is a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both. *Id.* § 12.21 (1)-(3) (West 2011).

On original submission, the State argued that it proved Appellant had a previous assault family violence conviction which enhanced his conviction to a third degree felony. Further, the State argued that it proved Appellant had two prior sequential, final felony convictions which subjected Appellant to the habitual felony punishment statute, and therefore, Appellant's sentence is within range. *See id.* § 12.42 (d) (West Supp. 2017). We disagreed because the habitual offender

3

statute under which Appellant was sentenced applies only to persons convicted of felony level offenses, which Appellant was not. *See generally id.* § 12.42.

For the first time on rehearing, the State directs our attention to the Court of Criminal Appeals' recent decision in ***Oliva v. State*** for the contention that the prior conviction provision in Section 22.01(b)(2)(A) should be considered as a punishment issue and not an element of the offense. 548 S.W.3d 518 (Tex. Crim. App. 2018).[1] In ***Oliva***, the Court held that Section 49.09(a), which prescribes that the existence of a prior conviction elevates a second DWI offense from a Class B misdemeanor to a Class A misdemeanor, is a punishment issue. *Id.* at 534; *see* TEX. PENAL CODE ANN. § 49.09(a) (West Supp. 2017). The court held that the DWI statutory scheme was ambiguous and relied on several textual and nontextual factors in arriving at its holding. *Oliva*, 548 S.W. 3d at 523-34. In so doing, the court noted that the language used in the single prior conviction DWI statute is substantially identical to the felony DWI statute, but the jurisdictional nature of the prior convictions for felony DWI converted them from punishment issues to elements of the offense. Specifically, the court stated:

> Under this view, the jurisdictional nature of the two-prior conviction provision for felony DWI converts what would otherwise be a punishment issue into an element of the offense. Because the single prior-conviction provision for misdemeanor DWI is not jurisdictional, that conversion does not occur, so the provision retains its character as prescribing a punishment issue.

*Id.* at 533; *see also* TEX. PENAL CODE ANN. §§ 49.04; 49.09 (West Supp. 2017).

Here, the State concedes that "in the usual case, a prior family violence conviction is one of the 'jurisdictional' priors; it enhances what is otherwise a Class A assault to a third-degree felony." However, it argues that because Appellant was charged with assault family violence by impeding breath or blood, a felony offense which vested the district court with jurisdiction, the prior family violence conviction was not jurisdictional and could properly be considered at the punishment phase of trial. We reject this argument. It is axiomatic that the prior conviction provision in Section 22.01(b)(2)(A) is either an element of the offense of felony assault family violence with a previous

---

[1] There is a split of authority among our sister courts as to whether a prior family violence conviction is an element of the offense or a sentence enhancement. *Compare* ***Sheppard v. State***, 5 S.W.3d 338, 340 (Tex. App.— Texarkana 1999, no pet.) (treating prior conviction for family violence as an essential element of the felony assault offense) with ***State v. Cagle***, 77 S.W.3d 344, 347 n.2 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd) (treating prior conviction for family violence as a sentence enhancement instead of an element of the offense because of the operative statutory language in Section 22.01(b)(2)).

conviction, or serves to enhance the punishment of a misdemeanor assault family violence, not both. We hold the prior conviction requirement for assault family violence is an element of felony assault family violence under Section 22.01(a)(1)(A) and is required to be proven at the guilt phase of trial. *See Oliva*, 548 S.W.3d at 533.

Because the State offered no proof of Appellant's prior conviction for family violence at the guilt phase of trial, Appellant was found guilty of misdemeanor assault family violence; thus, his sentence of twenty five years confinement is outside the applicable range of punishment. *See* TEX. PENAL. CODE ANN. §§ 12.21(1)-(3); 22.01(a)(1)(b). A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (sentence outside maximum range of punishment for that offense is illegal); *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999) ("[A] defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature.") Therefore, we hold that the trial court erred in pronouncing a void and illegal sentence in this case. Appellant's second issue is *sustained*.

## DISPOSITION

Having the necessary data and information to correct the trial court's judgment, we *modify* the judgment to reflect that Appellant was convicted of Class A misdemeanor assault family violence. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Further, we *remand* the case to trial court for a new punishment hearing consistent with this opinion. *See id.*; *see also Mizell*, 119 S.W.3d at 806; *Speth*, 6 S.W.3d at 532-33.

GREG NEELEY
Justice

Opinion delivered November 5, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 5, 2018**

**NO. 12-17-00364-CR**

**HAROLD WAYNE HOLOMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-15-32178)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **modified** to reflect that Appellant was convicted of Class A misdemeanor assault family violence. It is further ORDERED, ADJUDGED and DECREED that this case be **remanded** to the trial court for a new punishment hearing consistent with this opinion; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*