**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00102-CV**
_____

**TAMMIE Y. MOORE
AND MADISON A. MOORE-LYNCH, APPELLANTS**

**V.**

**KENN FRANKLIN, MATT CALVERT, AND
NEW CANEY INDEPENDENT SCHOOL DISTRICT, APPELLEES**

**On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 20-06-06608-CV**

**MEMORANDUM OPINION**

Tammie Y. Moore and Madison A. Moore-Lynch appeal the trial court's order

dismissing their suit against New Caney Independent School District ("District"),

Superintendent Kenn Franklin, and its Deputy Superintendent, Matt Calvert, with

prejudice. The Moores sued the defendants for allegedly violating district policy by

issuing Madison a diploma without a magna cum laude distinction. The defendants

filed a Plea to the Jurisdiction, alleging governmental immunity defeated the trial

1

court's authority to hear the case. For the reasons discussed below, we affirm the trial court's order.

BACKGROUND

In 2020, Madison graduated from a District high school in the top 10% of her class. That year, the District recognized honor graduates by issuing them a diploma with either magna cum laude (top 5%) or cum laude (top 15%) distinction. Madison received a diploma with cum laude distinction. In preceding years, the District recognized three distinction levels: summa cum laude (top 5%), magna cum laude (top 10%), and cum laude (top 15%). Prior to graduation, Tammie, Madison's mother, complained to the administration that Madison's academic achievement mandated magna cum laude distinction.

On February 5, 2021, the Moores filed "Plaintiffs' Original Complaint" suing the District, Franklin, and Calvert; however, said Complaint did not allege or plead any jurisdictional basis. The Moores alleged "district policy" mandated Madison receive magna cum laude distinction for graduating in the top 10% of her class. The Moores claimed Franklin and Calvert "negligently carried out their discretionary powers," or acted ultra vires, by issuing Madison a diploma with a cum laude distinction. Thereafter, the defendants filed "Defendants' Plea to the Jurisdiction", alleging governmental immunity defeated the trial court's subject-matter jurisdiction over the suit. The defendants alleged that neither the Texas Tort Claims Act

2

("TTCA") nor any other statute waived the District's immunity from the suit. The defendants also alleged that Franklin and Calvert maintained immunity in their official capacities because the Moores failed to plead or set forth any facts to allege a valid ultra vires claim.

In response to the Plea to the Jurisdiction, the Moores filed "Plaintiffs' First Amended Petition" addressing subject matter jurisdiction for the first time, and alleging immunity had no application to the suit relying upon the Discretionary Powers pursuant to Section 101.056. More specifically, the Moores alleged the defendants exercised their discretionary function by issuing Madison a diploma with cum laude distinction. Therefore, the Moores argued the trial court's subject-matter jurisdiction over the suit was proper under the TTCA's discretionary function exception. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.056. In addition, and in the alternative, the Moores alleged that Franklin's and Calvert's actions constituted ultra vires acts, which prevents them from relying on a claim of official immunity, because they failed to act within the scope of their authority when they failed to "carry out the District's policy with respect to" awarding the proper Latin Honors.

Prior to the plea hearing, the Moores asked for a continuance based on the lack of discovery, but the defendants argued discovery would be futile because the Plaintiffs' First Amended Petition contained "incurable defects in subject matter jurisdiction." During the hearing, the trial court refused to address the Moores'

3

discovery request for procedural reasons. The trial court ultimately signed an "Order Concerning Plea to the Jurisdiction", granting the plea as to each defendant and dismissing the suit with prejudice, for lack of subject-matter jurisdiction.

## ANALYSIS

In six issues, the Moores challenge the trial court's order dismissing their suit with prejudice. Specifically, the Moores question whether: (1) the trial court erred in failing to examine governmental immunity in the context of property right protections and due process; (2) the trial court erred in failing to allow them the opportunity to amend their property right claims to the extent they were allegedly deficient; (3) protection of "property rights" pierce governmental immunity and confers jurisdiction and whether the District's policy of awarding Latin honors creates a property right; (4) the modification of privileges/benefits associated with a property right in a diploma should be afforded due process protections; (5) fact questions precluded granting the plea to the jurisdiction; and (6) there are sufficient fact questions in the record to preclude a dismissal of their ultra vires claims. For convenience, we consolidate the Moores' appeal into two overriding issues: whether the Moores' pleadings affirmatively demonstrate the trial court's subject matter jurisdiction, and, if not, whether the trial court erred in granting the plea without allowing time for discovery or another opportunity to amend.

4

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a trial court has subject matter jurisdiction is a question of law we review *de novo*. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). When a plea challenges the pleadings, as it does here, we determine whether the plaintiff pleaded facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012) (citation omitted). In doing so, we construe the pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Id.* (citation omitted). If the pleadings fail to affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27 (citation omitted). However, if the pleadings affirmatively negate jurisdiction, the plea may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

Sufficiency of the Pleadings

In their Plea, the defendants argued governmental immunity barred the Moores' claims. Governmental immunity protects political subdivisions (like the District) from suits seeking damages unless the Legislature waives immunity by clear and unambiguous language. *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575

5

S.W.3d 339, 344 (Tex. 2019) (citations omitted). In similar fashion, official immunity protects government employees (like Franklin and Calvert) sued in their official capacities absent ultra vires acts. *Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011). Government employees may assert official immunity from suit arising "'from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority.'" *Id.* at 383 (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)). Therefore, the defendants enjoy immunity from the Moores' suit unless the Moores plead facts affirmatively demonstrating a waiver of immunity.

The TTCA, for instance, waives governmental immunity for three types of claims when the statutory requirements are met: (1) property damage, personal injury, and death caused by the operation or use of a motor-driven vehicle or motor-driven equipment, (2) personal injury and death caused by a condition or use of tangible personal property, and (3) personal injury and death caused by premises defects. Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). But the TTCA waives a school district's immunity only to the extent the school district's liability arises from the operation or use of a motor-driven vehicle. Tex. Civ. Prac. & Rem. Code Ann. § 101.051 ("Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district."). Because the Moores alleged the defendants' liability arose

from issuing Madison a diploma with cum laude distinction (not from operating or using a motor-driven vehicle), the Moores failed to allege facts affirmatively demonstrating the defendants waived immunity under the TTCA.

To be sure, the Moores alleged the defendants "negligently carried out their discretionary powers" in issuing Madison's diploma, so they argue the trial court's subject-matter jurisdiction over the suit was proper under the TTCA's discretionary function exception enumerated in Section 101.056. However, their reliance on the discretionary function exception is misplaced because it provides that the TTCA's limited waiver of immunity "does not apply to a claim arising from a governmental unit's performance or nonperformance of an act if the law leaves performance or nonperformance to the governmental unit's discretion." *Christ v. Tex. DOT*, 664 S.W.3d 82, 88 (Tex. 2023); *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.056. Since the Moores alleged their damages arose from the defendants carrying out "discretionary powers," the discretionary function exception preserved (rather than waived) the defendants' immunity. *Id*. The Moores' pleadings fail to affirmatively demonstrate a viable claim under the TTCA, which means the pleadings failed to invoke the trial court's jurisdiction over any negligence claim.

We note that a governmental unit's immunity does not preclude a suit against a government official in his official capacity if the plaintiff successfully alleges the official engaged in ultra vires conduct. *Chambers-Liberty*, 575 S.W.3d at 344

7

(citation omitted). However, "[t]o fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Schroeder v. Escalera Ranch Owners' Ass'n*, 646 S.W.3d 329, 332 (Tex. 2022) (citation omitted). Governmental immunity bars ultra vires suits complaining of a government officer's exercise of absolute discretion (*i.e.,* free decision-making without any constraints) and suits complaining of a government officer's failure to perform a ministerial act or his exercise of judgment or limited discretion without reference to or in conflict with the constraints of the law authorizing the official act. *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 161–63 (Tex. 2016).

In their amended pleadings, the Moores alleged Franklin and Calvert committed an ultra vires act by issuing Madison a diploma with a cum laude distinction in violation of "district policy." The District's internal policies, however, are not "laws" which limit Franklin's or Calvert's authority as superintendent and deputy superintendent. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 530 (Tex. 2022) (stating that a police department's internal policies, in and of themselves, are not "laws"); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (asserting that a valid *ultra vires* claim seeks to require state officials to comply with statutory or constitutional provisions); *Alphonso Crutch Life Support*

8

*Ctr. v. Williams*, No. 03-13-00789-CV, 2015 WL 7950713, at *8 (Tex. App.—Austin Nov. 30, 2015, pet. denied) (mem. op.) (dismissing *ultra vires claim* based on allegations that officials violated their own rules in reaching a decision). We conclude that Franklin's and Calvert's alleged violation of "district policy" does not equate to an ultra vires act as it does not show that Franklin or Calvert acted without legal authority or failed to perform a purely ministerial act.

Moreover, a school district's "superintendent is the educational leader and the chief executive officer of the school district." Tex. Educ. Code Ann. § 11.201(a). A superintendent's duties are statutorily defined in the Education Code. *Id.* § 11.201(d). The Moores did not identify any provisions in the Education Code limiting a superintendent's discretion to honor students graduating at the top of their class, and we have not found any. Accordingly, we conclude the Moores failed to plead facts affirmatively demonstrating the trial court's jurisdiction over their ultra vires claim.

<u>Discovery and Opportunity to Amend</u>

Having concluded the Moores' pleadings fail to affirmatively demonstrate the trial court's jurisdiction over their claims, we now turn to whether the trial court erred in granting their Plea without allowing time for discovery or another opportunity to amend. A trial court has discretion to deny time for discovery when the issues can be resolved on the pleadings. *See Joe v. Two Thirty Nine Joint Venture*,

9

145 S.W.3d 150, 161–62 (Tex. 2004); *Miranda,* 133 S.W.3d at 227. Here, the defendants challenged the trial court's jurisdiction by attacking the pleadings, not the existence of jurisdictional facts, and the Moores failed to explain how discovery would have influenced a jurisdictional determination on the pleadings.

Second, the trial court committed no error by granting the Plea without allowing the Moores another opportunity to amend. "If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Sykes*, 136 S.W.3d at 639. Such cases should be dismissed with prejudice because "a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

The Moores' Original Complaint failed to even address jurisdiction, but after the defendants filed their Plea, the Moores amended their petition attempting to cure the jurisdictional defects. Their attempt was futile, however, because the jurisdictional bar on their suit arises from the nature of their claims. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) (explaining plaintiff is not entitled the right to amend when "jurisdictional bar arises not from a lack of factual allegations but from the nature of the [plaintiff]'s claims"). Stated another way, the Moores' pleadings cannot be cured because they seek to hold the defendants liable

10

for discretionary policy decisions which governmental immunity protects. *Nettles v. GTECH Corp.*, 606 S.W.3d 726, 739 (Tex. 2020) (stating that immunity preserves separation-of-powers principles by preventing the judiciary from interfering with policy-making responsibilities committed to other government branches). We conclude the trial court did not err in granting the plea without allowing the Moores time for discovery or another opportunity to amend.

Additionally, we note that in their brief, the Moores argue the defendants violated Madison's due process rights by denying her a diploma with magna cum laude distinction. However, the Moores failed to allege a due process claim in their Amended Petition, and even if they had, their due process claim would not be viable since Madison has no constitutionally protected right to magna cum laude distinction for graduating in the top 10% of her class. *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018) (stating that, to have a constitutionally protected property interest, a person must have a "legitimate claim of entitlement" rather than a mere "unilateral expectation," and that a "vested right" is "something more than a mere expectancy based upon an anticipated continuance of an existing law"); *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 15 (Tex. 2015) (stating that, before any substantive or procedural due-process rights attach, the citizen must have a liberty or property interest that is entitled to constitutional protection).

CONCLUSION

We conclude that the Moores' pleadings affirmatively negate the trial court's jurisdiction and that the trial court properly granted the defendants' Plea to the Jurisdiction and dismissed the Moores' suit with prejudice. Accordingly, we overrule the Moores' issues on appeal and affirm the trial court's order.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on October 14, 2022
Opinion Delivered September 14, 2023

Before Golemon, C.J., Horton and Wright, JJ.