# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-06-00430-CR
---

**Joseph Smith, Appellant**

**v.**

**The State of Texas, Appellee**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-06-904057, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**
---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Joseph Smith of burglary of a habitation and assessed punishment at thirty-two years in prison. On appeal, Smith contends that he was denied effective assistance of counsel. We affirm.

At approximately 4 a.m. on September 17, 2005, Austin Police Officers Earl Garrison and Bryan Pietrowski responded to a 911 call reporting a family disturbance in progress at an apartment on 6409 Springdale Road. Officer Pietrowski testified, "[w]e were told by 911 that they could hear—they had an open line. They could hear males and a female yelling back and forth." Officer Garrison testified, "[w]hile en route to this call, we were getting updates that the male inside the house was saying to the female that—words to the effect of once the cops get here, I'm going to stab you, go ahead and let the cops show up, I got something for them."

According to Officer Garrison, when they arrived at the apartment, "we could hear

screaming from the apartment." He testified that the door to the apartment, which was cracked open approximately six to eight inches, looked as though it had been forced open. Both officers looked through the door and saw Smith standing inside the apartment with a knife in his hand. As the officers tried to push open the door, Smith pushed back on the door from inside. According to Officer Garrision, "[w]e shoved on the door, the door flew open, the male [Smith] dropped the knife and ran toward the kitchen." The officers followed Smith into the kitchen, placed him into custody, and handcuffed him.

After Smith had been placed in the patrol car, Officer Pietrowski took a statement from Patrice Smith, the victim of the assault who placed the call to 911. According to Officer Pietrowski, Patrice was "very upset" and "very fearful" as she gave the statement. Patrice told Officer Pietrowski that Smith had kicked in the locked door, held a knife above his head, threatened to kill her if the police came, grabbed her right bicep, and shoved her down. She also told Officer Pietrowski that Smith was her husband, but that they were separated and that Smith did not live in the apartment.

Smith was charged by a three-count indictment with three felony offenses. Count I alleged burglary of a habitation.[1] Count II alleged aggravated assault, and Count III alleged assault family violence. The indictment contained three enhancement paragraphs, which alleged,

---

[1] The indictment alleged four alternative ways that Smith committed the offense of burglary of a habitation: (1) Smith entered the habitation of Patrice without her consent and attempted to commit and committed aggravated assault; (2) Smith entered the habitation of Patrice without her consent with the intent to commit aggravated assault; (3) Smith entered the habitation of Patrice without her consent and attempted to commit and committed assault; and (4) Smith entered the habitation of Patrice without her consent with the intent to commit assault.

2

respectively, that Smith had been previously and finally convicted of the felony offenses of possession of heroin, possession of phencyclidine (PCP), and possession of pentazocine (CDS).

Smith was tried before a jury on his plea of not guilty. The State presented four witnesses and numerous exhibits, including photographs of the crime scene, a recording of the 911 call, a transcript of the 911 call, and several documents relating to Smith's previous conviction of Class A misdemeanor assault in August 2005. Neither Smith nor Patrice testified. The submitted jury charge mirrored the indictment, and the jury found Smith guilty of burglary of a habitation (aggravated assault) and assessed punishment at thirty-two years in prison.

On appeal, Smith contends that his trial counsel rendered ineffective assistance because he (1) failed to object to the admission of Patrice's out-of-court statement to Officer Pietrowski on the grounds that the statement was hearsay and violated Smith's right to confront witnesses against him under the Sixth Amendment of the United States Constitution, (2) failed to object to the admission of the recording and transcript of the 911 call or, alternatively, failed to request a limiting instruction with respect to that evidence, and (3) failed to "properly stipulate" to Smith's prior conviction for Class A misdemeanor assault, thereby allowing the State to introduce evidence of that conviction.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 687. To show ineffective assistance of counsel, Smith must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88; *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Smith has the burden to establish both of these prongs by a preponderance of the evidence, and a failure to make either showing defeats his ineffectiveness claim. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

We presume that counsel's conduct falls within the wide range of reasonable professional assistance, and we will find counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews*, 159 S.W.3d at 101. We cannot speculate beyond the record provided, so any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In most cases, an undeveloped record on direct appeal is insufficient to satisfy the dual prongs of *Strickland* because the reasonableness of counsel's decisions often involves facts not appearing in the appellate record. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Without evidence of the strategy and methods involved concerning counsel's actions at trial, an appellate court should presume a sound trial strategy. *See Thompson*, 9 S.W.3d at 814. If no reasonable trial strategy could justify trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as he did. *Andrews*, 159 S.W.3d at 102.

4

We first address Smith's contention that his counsel rendered ineffective assistance by failing to object to the admission of Patrice's out-of-court statement to Officer Pietrowski on the grounds that the statement was hearsay and violated Smith's confrontation rights under the Sixth Amendment of the United States Constitution. "To show ineffective assistance of counsel for the failure to object during trial, the applicant must show that the trial judge would have committed error in overruling the objection." *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).

We conclude that the trial judge would not have committed error in overruling an objection to Patrice's statement to Officer Pietrowski on the basis of hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Texas Rule of Evidence 802 provides: "[h]earsay is not admissible except as provided by statute or these rules . . . ." Tex. R. Evid. 802. The rules of evidence provide an exception to the hearsay rule for excited utterances, described as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex. R. Evid. 803(2). To qualify as an excited utterance, (1) the statement must be the product of a startling occurrence, (2) the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and (3) the statement must be related to the circumstances of the startling occurrence. *Couchman v. State*, 3 S.W.3d 155, 159 (Tex. App.—Fort Worth 1999, pet. ref'd) (citing *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994)). The critical factor in determining whether a statement is an excited utterance is whether the emotions, excitement, fear, or pain of the event still dominated the

5

declarant at the time of the statement. *Oveal v. State*, 164 S.W.3d 735, 740 (Tex. App.—Houston [14th Dist] 2005, pet. ref'd), *cert. denied*, 547 U.S. 1116 (2006).

In this case, Officer Pietrowski testified that he had Patrice complete an "assault victim statement" after Smith was handcuffed and placed in the patrol car. He also gave the following testimony concerning the circumstances under which Patrice gave the statement:

| [Prosecutor]: | Will you describe Patrice's demeanor? Was she calm or was she upset or emotional or how was she? |
|---|---|
| [Officer Pietrowski]: | She was very upset and very—she seemed very fearful. |
| [Prosecutor]: | Okay. Did it appear to you that she was upset and fearful about this event that just happened? |
| [Officer Pietrowski]: | Most definitely. |
| [Prosecutor]: | And what was it about her that you observed in her face or her voice that made you think she was upset? |
| [Officer Pietrowski]: | She had that kind of faraway look in her eyes and she—it was kind of like she was crying at some point. |
| [Prosecutor]: | Okay. And it appeared to you that that was relating to what had just happened? |
| [Officer Pietrowski]: | Yes. |

Based on this testimony, the trial court could have reasonably concluded that Patrice was dominated by the emotions, excitement, fear, or pain of the event at the time she gave the statement to Officer Pietrowski. Because Patrice's statement to Officer Pietrowski was admissible as an excited utterance, Smith has failed to demonstrate that his counsel's failure to object to the statement as

6

hearsay fell below an objective standard of reasonableness as required by the first prong of *Strickland*. *See* 466 U.S. at 687-88.

We also conclude that the trial judge would not have committed error in overruling an objection to the challenged statement on the basis that the statement violated Smith's confrontation rights under the Sixth Amendment of the United States Constitution. In all criminal prosecutions, the accused has a right, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, "to be confronted with the witnesses against him." U.S. Const. amend. VI; *Shuffield v. State*, 189 S.W.3d 782, 790 (Tex. Crim. App. 2006) (citing *Pointer v. Texas*, 380 U.S. 400 (1965) (applying the Confrontation Clause to the states via the 14th Amendment)). The United States Supreme Court has held that testimonial statements of witnesses absent from trial are admissible over a Sixth Amendment Confrontation Clause objection only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). However, under the doctrine of forfeiture by wrongdoing, a defendant is precluded from objecting to the introduction of hearsay statements on Confrontation Clause grounds if it was his own criminal conduct that rendered the witness unavailable for cross-examination. *See Gonzalez v. State*, 155 S.W.3d 603, 610 (Tex. App.—San Antonio 2004, pet. dism'd).

In this case, several recorded phone calls between Smith and Patrice were admitted into evidence for the purpose of showing that Smith repeatedly asked Patrice not to testify against him. In his brief, Smith "reluctantly concedes" that he may have waived his right to confrontation under the doctrine of forfeiture by wrongdoing. The trial court could have reasonably concluded

7

that the admission of Patrice's statement to Officer Pietrowski did not violate Smith's confrontation rights under the doctrine of forfeiture of wrongdoing. Therefore, Smith has failed to demonstrate that his counsel's failure to object to the statements on Confrontation Clause grounds fell below an objective standard of reasonableness as required by the first prong of *Strickland*. *See* 466 U.S. at 687-88.

We next address Smith's contention that his counsel rendered ineffective assistance by failing to object to the recording and transcript of the 911 call. "A lawyer may well choose not to object to hearsay or other inadmissible evidence if it potentially enhances his client's defense or at least does not seriously prejudice it." *Thompson*, 9 S.W.3d at 813. In this case, it appears that Smith's counsel may have decided, as a sound defensive strategy, not to oppose the admission of the recording or transcript of the 911 call. During closing arguments, Smith's attorney relied on both the recording and the transcript of the 911 call as evidence raising a reasonable doubt as to whether Smith threatened Patrice with a knife. He told the jury, "did you notice when you listen to this [the recording]—and I believe you have—I gave you each a copy of the transcripts that was [sic] introduced into evidence. . . . [T]here's nothing in this transcript to indicate that he's [Smith] threatening her [Patrice] of anything." This defensive strategy may have also influenced Smith's counsel not to request a limiting instruction with respect to that evidence. Under these circumstances, Smith has failed to demonstrate that his counsel's failure to object to the admission of the recording or transcript of the 911 call or to request a limiting instruction fell below an objective standard of reasonableness as required by the first prong of *Strickland*. *See* 466 U.S. at 687-88.

Lastly, we address Smith's contention that his trial counsel rendered ineffective assistance by failing to "properly stipulate" to Smith's previous conviction for Class A misdemeanor assault. The record reflects that, near the close of evidence and outside the presence of the jury, both Smith and his counsel indicated to the trial judge that Smith wanted to stipulate to this previous conviction for the purpose of establishing one of the elements of assault family violence as alleged in Count III of the indictment. Smith's counsel stated, "[w]e'll stipulate that it was he [Smith] who pled last year to assault family violence and it was—looks like a reduction from a felony to a Class A misdemeanor." Shortly after this exchange and in the presence of the jury, the State offered State's Exhibit No. 16, which included the indictment and judgment on the plea of guilty relating to Smith's previous conviction, into evidence without objection. The prosecutor then gave the following explanation to the jury without objection:

> State's Exhibit 16 is a judgment entitled State of Texas versus Joseph Anthony Smith, . . . in which the defendant was convicted of assault with bodily injury, . . . and the victim in that case—there's a copy of the indictment in State's Exhibit 16 that shows that the defendant was originally charged with aggravated assault, that the victim in the case is Patrice Smith, the same Patrice Smith who was the victim in this case. And there's a photograph and fingerprints of the person who was convicted, who was arrested in that case and who was convicted in that case and you can compare the photograph to the person in the courtroom as the same Joseph Smith who is on trial in this case.

At this point, the evidence was closed. The State subsequently requested to reopen the evidence to "do that stipulation." The evidence was reopened, and the prosecutor stated:

> [w]e have an agreement between the parties that the defendant, Joseph Smith, is one in the same person who was convicted in Cause No. D1-DC-05-202560 . . . on

9

August 15th, 2005, in the 147th District Court of Travis County, Texas and that he is the same person whose conviction is set out in State's Exhibit 16.

Smith's counsel then stated that he agreed to the stipulation.

On appeal, Smith argues that if his counsel had "properly stipulated" to the previous conviction when it was first discussed outside the presence of the jury, the State would not have been allowed to show or explain State's Exhibit No. 16 to the jury. In support of this argument, Smith cites several felony DWI cases holding that when a defendant agrees to stipulate to prior convictions that constitute jurisdictional elements of the charged offense, the State may not present evidence of those convictions during its case in chief. *See Hernandez v. State*, 109 S.W.3d 491, 495 (Tex. Crim. App. 2002); *Robles v. State*, 85 S.W.3d 211, 212-14 (Tex. Crim App. 2002); *Tamez v. State*, 11 S.W.3d 198, 202-03 (Tex. Crim. App. 2000). In felony DWI cases, proof of the convictions is necessary in that the prior convictions are elements of felony DWI. *Hernandez*, 109 S.W.3d at 494; *see* Tex. Penal Code Ann. § 49.09(b) (West Supp. 2006). This Court has recently declined to address whether a prior assault conviction is a sentence enhancement or an element of the felony offense of assault family violence and whether a defendant's stipulation to a prior conviction in the context of an assault family violence case has the same preclusive effect on evidence of that prior conviction as in the *Tamez* line of cases. *See Zavala v. State*, No. 03-05-00051-CR, 2007 Tex. App. LEXIS 361, at *2-5 (Tex. App.—Austin, Jan. 22, 2007, no pet.) (mem. op., not designated for publication) (declining to resolve conflict between *Sheppard v. State*, 5 S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.) (holding that prior conviction is element of felony assault family violence) and *State v. Cagle*, 77 S.W.3d 344, 346 n.2 (Tex. App.—Houston

[14th Dist.] 2002, pet. ref'd) (holding that prior conviction is sentence enhancement rather than an element of felony assault family violence due to operative statutory language in Tex. Penal Code Ann. § 22.01(b)(2))).

We are of the view that this is not the appropriate case to resolve those issues. Even if a "proper stipulation" would have prevented the admission of the evidence of Smith's prior conviction, and the failure to "properly stipulate" constituted deficient performance, Smith has not demonstrated that he received ineffective assistance of counsel. To show ineffective assistance of counsel, Smith must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88. Here, the submitted jury charge allowed the jury to find that Smith committed burglary of a habitation if Smith entered the habitation of Patrice without her consent with the intent to commit aggravated assault. At trial, Patrice's neighbor, Larry Bell Jr. testified that he saw Smith kick in the door to Patrice's apartment. Officer Garrison testified, "[w]hile en route to this call, we were getting updates that the male inside the house was saying to the female that—words to the effect of once the cops get here, I'm going to stab you, go ahead and let the cops show up, I got something for them." The jury listened to the recording of the 911 call and read a transcript of the call indicating that Smith said "I got a knife." Both Officer Pietrowski and Officer Garrison testified that Smith had a knife in his hand when they pushed open the door to the apartment. Officer Pietrowski testified that Patrice told him that Smith had kicked in the locked door, held a knife above his head, and threatened to kill her if the police came. Furthermore, aside from the aforementioned

11

comment explaining State's Exhibit No. 16 to the jury, the prosecutor only mentioned Smith's prior conviction as it pertained to Count III of the jury charge alleging felony assault family violence. He stated, "you cannot consider that judgment and sentence to prove—to make it more likely that he did any of the rest of it. The purpose of that judgment is only to satisfy this element of Count 3 [assault family violence]." On this record, Smith's counsel's failure to "properly stipulate" to the prior conviction probably did not affect the outcome of the jury's guilty verdict. Smith has not demonstrated that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different as required by the second prong of *Strickland*. *Id.*

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 18, 2007

Do Not Publish

12